IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01349-PSF-PAC

MINERVA WEST,

    Plaintiff,

v.

MICHAEL W. WYNNE, SAF,

    Defendant.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE DATED MAY 22, 2007**

    This matter comes before the Court on the Recommendation of the Magistrate Judge entered May 22, 2007 (Dkt. # 47). The Magistrate Judge recommended granting in part and denying in part the defendant's motion to dismiss this employment case. On June 6, 2007, the defendant filed an objection to the Recommendation (Dkt. # 48). Plaintiff has not filed an objection and the time within which to do so has passed. For the reasons set forth below, the defendant's objection is overruled and the Recommendation is accepted.

    Liberally construing the plaintiff's *pro se* complaint, the Magistrate Judge properly found that plaintiff Minerva West, a custodial worker employed by the Department of the Air Force at Peterson Air Force Base in Colorado Springs, Colorado, alleged claims against Defendant Wynne, Secretary of the Air Force, for discriminating against her in her employment on the basis of a disability and for retaliation. The Magistrate Judge recommends dismissal of plaintiff's retaliation claim for failure to

exhaust administrative remedies. Plaintiff has filed no objection to that portion of the Recommendation. The Court finds no clear error in that aspect of the Recommendation, and accordingly plaintiff's claim for retaliation is dismissed.

The Magistrate Judge also found, again liberally construing the *pro se* complaint, that plaintiff had essentially alleged that her physical impairment substantially limits her major life activities of lifting and working (Recommendation at 8). The Magistrate Judge found, however, that plaintiff failed to allege facts sufficient to state a claim based on the impairment of working because she did not allege that she is unable to perform either a class of jobs, or a broad range of jobs, but only that she cannot perform the regular duties of a custodial worker. *Id.* The Magistrate Judge concluded such allegations are insufficient to state a disability claim based on impairment of the life function of working, relying on *Mackenzie v. City & County of Denver*, 414 F.3d 1266, 1276 (10th Cir. 2005) ("in any claim where working constitutes a major life activity, a plaintiff must demonstrate she is unable to perform either a class of jobs or a broad range of jobs in various classes."). Plaintiff has filed no objection to that portion of the Recommendation. The Court finds no clear error in that aspect of the Recommendation, and accordingly to the extent plaintiff's disability discrimination claim rested on the allegation that she was disabled in the major life function of working, that portion of plaintiff's claim is dismissed.

Finally, the Magistrate Judge found that plaintiff had stated a claim for relief based on her alleged impairment of the major life activity of lifting (Recommendation at 8-10). He found, again liberally construing her *pro se* complaint, that she had alleged a

2

permanent maximum lifting restriction of twenty pounds to her right arm, with frequent lifting of ten pounds, and a maximum lifting restriction of fifty pounds to her left arm (*id.* at 9-10). The Magistrate Judge surveyed several Tenth Circuit decisions that address whether a particular lifting restriction is "substantially limiting on its face and does not require further comparative evidence as to the general population's lifting abilities." *Id.* at 9. He pointed out that a fifteen pound restriction was found to be substantially limiting on its face, citing to *Lowe v. Angelo's Italian Foods, Inc.* 87 F.3d 1170, 1174 (10th Cir. 1996), whereas a twenty pound restriction is not, as a matter of law, substantially limiting and requires comparative evidence, citing to *Buettner v. North Oklahoma County Mental Health Center*, 158 Fed. Appx. 81, 87 (10th Cir. 2005) and *Rakity v. Dillon Companies, Inc.*, 302 F.3d 1152, 1160 (10th Cir. 2002). Based on these decisions, the Magistrate Judge concluded that because plaintiff's lifting restrictions are not "substantially limiting on their face, [she] will be required to present comparative evidence about the lifting abilities of the general population" but at the pleading stage she has sufficiently alleged an impairment of a major life activity to withstand a motion to dismiss. *Id.* at 10.

Defendant objects on the ground that plaintiff's complaint fails, as a matter of law, to state a claim for disability discrimination because plaintiff alleges no more than her doctor's opinion that she should not lift more than twenty pounds (Objection at 5). This, defendant asserts, is insufficient as a matter of law to state impairment of a major life function, arguing that *Rakity* holds that "a twenty pound restriction is not, by itself,

3

substantially limiting on the ability to lift." *Id.*  Thus, defendant argues, plaintiff's allegations fail to show a right to relief and dismissal under Rule 12(b)(6) is proper.

This Court does not agree that dismissal of plaintiff's claim under Rule 12(b)(6) is required here. *Rakity* affirmed a district court order granting summary judgment for the defendant employer, where the "employee concede[d] that he does not have an actual physical or mental impairment which substantially limits one of his major life activities," but rather argued that he had a record of impairment.  302 F.2d at 1159. Only after reviewing his medical and employment records did the Tenth Circuit panel conclude that he had failed to make a showing that he was substantially impaired as the records failed to demonstrate a triable issue on his ability to lift.  *Id.*  To the extent the *Rakity* decision cited to the Fifth Circuit case of *Pryor v. Trane Co.*, 138 F.3d 1024, 1025 (5th Cir, 1998), for the proposition that a twenty pound lifting restriction was found not to be a substantial impairment, this Court notes that *Pryor* was a case affirming a jury verdict to that effect, not a ruling on a motion to dismiss.

Similarly, the decision in *Buettner* affirmed a ruling on summary judgment, not a motion to dismiss.  That Court stated, as the Magistrate Judge here recognizes, that "[t]o demonstrate that an impairment is substantially limiting, a plaintiff must show that he is 'unable to perform the activity or is significantly restricted in the ability to perform the major life activity compared to the general population.'" 158 Fed. Appx. at 87 citing to *Lusk v. Ryder Integrated Logistics*, 238 F.3d 1237, 1240 (10th Cir.2001).  That Court further noted that [w]here an impairment is not so severe that it is 'substantially limiting on its face,' a plaintiff must present 'evidence comparing [his] ... restrictions to that of an average person.'" *Id.*  The *Buettner* decision concluded that plaintiff's evidence in

4

response to the defendant's motion for summary judgment "was insufficient to allow a reasonable jury to find that any of his impairments substantially limited one or more of his major life activities." *Id.*

If on a motion for summary judgment plaintiff in the instant case fails to make a showing that her lifting restriction significantly restricts her ability to perform the major life activity of lifting compared to the general population, her claim may be subject to dismissal. But at the pleading stage of the case, dismissal is not appropriate.

**CONCLUSION**

The recommendation of the Magistrate Judge is accepted and the Defendant's Objection (Dkt. # 48) is OVERRULED.

Defendant's Motion to Dismiss (Dkt. # 18) is granted in part and denied in part as set forth herein.

DATED: July 19, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge