IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01349-EWN-KLM

MINERVA WEST,

   Plaintiff,

v.

MICHAEL W. WYNNE, SAF,

   Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(d) [Docket No. 61; Filed January 7, 2008] ("Motion to Dismiss"). The deadline for Plaintiff, who is proceeding *pro se*, to respond to the Motion to Dismiss was January 27, 2008. Plaintiff did not respond. On February 7, 2008, the Court ordered Plaintiff to show cause why her case should not be dismissed pursuant to Fed. R. Civ. P. 37 and 41(b) [Docket No. 68]. The deadline for Plaintiff to respond to the Order to Show Cause was February 18, 2008. Again, Plaintiff did not respond.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, the matter has been referred to this Court for recommendation. The Court has reviewed the relevant pleadings and the matter is ripe for determination. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **granted**.

## I. BACKGROUND

By way of providing further context to the recommendation, the Court sets forth the

following history.  On November 21, 2007, Defendant moved to, among other things, (1) compel Plaintiff's attendance at her deposition, and (2) compel Plaintiff to respond to Defendant's interrogatories and requests for production of documents [Docket No. 56; Filed November 21, 2007] ("Motion to Compel").  By Order dated November 26, 2007, the Court directed Plaintiff to respond to the Motion to Compel by December 7, 2007 [Docket No. 58].  Plaintiff failed to respond or lodge an objection to the relief sought by Defendant.  Consequently, the Court granted Defendant's Motion to Compel on December 13, 2007, and ordered Plaintiff to appear for her deposition and respond to Defendant's discovery requests by certain dates [Docket No. 59].  The Court also warned Plaintiff "**that failure to comply with the Court's Order may result in sanctions in the future, including dismissal of her action and/or an award of attorney fees to Defendant**." *Id.*

Plaintiff failed to comply with the Court's discovery Order, and Defendant has now moved to dismiss her Complaint pursuant to Fed. R. Civ. P. 37(d) [Docket No. 61].  Given Plaintiff's failure to participate in her case, the Court also considers whether her case should be dismissed pursuant to Fed. R. Civ. P. 41(b).[1]  *See Rogers v. Andrus Transp.*

---

[1] A review of the docket in the above-captioned case reveals that Plaintiff has failed to meaningfully participate in her case, e.g., by filing pleadings, responding to motions, or complying with orders, since she responded to Defendant's first Motion to Dismiss [Docket No. 18] and provided notice of a change of address on **February 2 and 9, 2007**, respectively [Docket Nos. 35 & 37].  The earlier motion to dismiss was granted in part and denied in part on July 19, 2007 [Docket No. 49].  A stay of discovery, which had been imposed during the pendency of Defendant's first dispositive motion, was lifted on September 4, 2007 [Docket No. 54].  While Plaintiff did partially comply with Defendant's request for production of documents in October 2007, her response was wholly deficient and prompted this Court to order her to supplement that production [Docket No. 59].  Plaintiff's almost complete failure to prosecute her case for more than one year further factors into the Court's recommendation herein.

*Servs.*, 502 F.3d 1147, 1151 (10 th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

## II. DISCUSSION

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

A.  **Prejudice to Defendant**

From a review of the case file, I find that Plaintiff's failure to respond to discovery requests and Orders regarding discovery prejudiced Defendant's ability to defend against the accusations lodged by Plaintiff in her Complaint. In addition, Plaintiff's abuses have caused Defendant to expend unnecessary resources and time to secure her compliance. Likewise, Defendant's burden is ongoing in that he has to defend against allegations that it appears Plaintiff has no intention of attempting to resolve.

B.  **Interference with the Judicial Process**

In addition to several other Orders issued by this Court, Plaintiff failed to comply with the Order to Show Cause issued on February 7, 2008 [Docket No. 68]. Just as Defendant is burdened by Plaintiff's discovery abuses and the failure to prosecute her case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow the Court's Orders which required responses to motions and compliance with discovery evidences a complete lack of respect for the Court, Defendant, and the judicial process. Moreover, the Court's continual review of her file and issuance of Orders necessitated by Plaintiff's abuses and neglect increases the workload of the Court and interferes with the administration of justice.

C.  **Culpability of Plaintiff**

Plaintiff has, without any reasonable excuse, ignored Defendant's requests for discovery and this Court's Orders regarding the same. She has also failed to show cause

why her case should not be dismissed or provide any justification for her failure to prosecute her case. The Court provided ample opportunity to Plaintiff to cure her deficiencies and respond to allegations made by Defendant about her discovery abuses. From an examination of the record, the Court notes that none of its Orders have been returned for insufficient address.[3] From this, I must conclude that Plaintiff received these Orders, that her failure to respond was willful, and that she is therefore responsible for her own noncompliance.

### D.     Advance Notice of Sanction of Dismissal

Plaintiff was twice warned by the Court that she risked dismissal of her case if she failed to comply with the Court's Orders regarding discovery and the prosecution of her case [Docket Nos. 59 & 68]. She was also aware of this possibility given Defendant's Motion to Dismiss [Docket No. 61]. Despite these warnings, Plaintiff failed to make any showing excusing her failures to comply with this Court's Orders or to respond to Defendant's requests for discovery.

### E.     Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse her failures here. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). In addition, the Court doubts that a monetary sanction would be practical or effective. Further, Plaintiff's failures impact both the judicial system

---

[3] The Court also notes that on many occasions, Defendant tried to confer with Plaintiff in relation to his discovery requests by leaving phone messages on her home voice mail and sending her letters. With the exception of one occasion, Plaintiff completely ignored these communications and did not respond to Defendant. Motion to Dismiss at 3-6 [Docket No. 61].

and Defendant jointly, and a sanction limiting the evidence that Plaintiff may admit would bear no substantial relation to the misconduct, particularly here where Plaintiff has effectively neglected her case for more than one year. Under these circumstances, no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III.  CONCLUSION

I respectfully RECOMMEND that Plaintiff's action be **DISMISSED with prejudice** due to Plaintiff's discovery abuses and the failure to prosecute her case pursuant to Fed. R. Civ. P. 37 & 41(b).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: February 22, 2008

BY THE COURT:

  /s Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge